AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Ubel Isaias LOPEZ-PEREZ<br><br>Defendant(s) | )<br>)<br>) Case No. 12-8470-WM<br>)<br>)<br>) |

FILED by _____ D.C.
DEC 0 3 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __November 25, 2012,__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a). | Illegal Reentry After Prior Deportation, in violation of Title 8, United States Code, Section 1326(a). |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

CBP Agent Scott Stacy
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/03/2012

_____
*Judge's signature*

City and state: West Palm Beach, Florida

Hon. U.S. Magistrate Judge William Matthewman
*Printed name and title*

# AFFIDAVIT
# OF
# AGENT SCOTT STACY
# DEPARTMENT OF HOMELAND SECURITY
# CUSTOMS and BORDER PROTECTION

I, Scott Stacy, being duly sworn, depose and state:

1. I am a Border Patrol Agent with the Department of Homeland Security, Customs and Border Protection (CBP) (formerly Immigration and Naturalization Service), and have been so employed for more than fifteen (15) years. I am currently assigned to the West Palm Beach Border Patrol Station, Riviera Beach, Florida. The station is located in the Southern District of Florida.

2. As a Border Patrol Agent, my duties include the detection and interdiction of individuals illegally entering the United States, and those aliens who are currently within the United States illegally. I am trained in detecting and locating individuals suspected of assisting aliens in their illegal entry into the United States by any means. I am also responsible for the investigation and processing of aliens who are entering or residing illegally in the United States as well as the investigation of people responsible for the smuggling of such undocumented aliens.

3. This affidavit is based upon an ongoing investigation. The information contained herein is further based on my review of the U.S. Citizenship and Immigration Service (USCIS) File Number A******879, court documents and reports, and an interview of the defendant. The statements contained in this affidavit are based upon my own personal knowledge, as well as information provided to me by other law enforcement officials and employees of CBP. I have not included in this affidavit each and every fact and circumstance known to me, but only the facts and circumstances that I believe are necessary to establish probable cause to believe that

Ubel Isaias LOPEZ-PEREZ has committed a violation of Title 8, United States Code, Section 1326(a), namely illegal re-entry into the United States after deportation.

4. On November 25, 2012, Border Patrol agents from the West Palm Beach station received a call for assistance from the Riviera Beach Police Department (RBPD) through Border Patrol Sector Communications. The call referenced a RBPD officer on a traffic stop at 65 W. 24th Street, Riviera Beach, Palm Beach County, in the Southern District of Florida; the vehicle was pulled over for having people riding in the bed of the truck unrestrained.

5. When the vehicle stopped several people exited the vehicle and absconded into the neighborhood. Three subjects remained with the vehicle. The officer suspected the three subjects were aliens illegally in the United States because all three were from Guatemala and the driver's only identification was a Guatemalan ID Card. One of the three that remained with the vehicle included Ubel Isaias LOPEZ-PEREZ (LOPEZ-PEREZ).

6. When Border Patrol arrived on scene, the agents identified themselves as Border Patrol Agents and administratively questioned the three subjects as to their citizenship. All three subjects, LOPEZ-PEREZ, admitted to being citizens and nationals of countries other than the U.S., and to having entered the U.S. illegally. The three subjects were placed under administrative arrest and transported to the West Palm Beach Border Patrol Station for vetting and processing.

7. LOPEZ-PEREZ was enrolled into the DHS e3 Processing System wherein LOPEZ-PEREZ's biographical information, a photograph, and fingerprints are searched in the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint

2

Identification System (IAFIS). The two systems check prior immigration and criminal history records based on input fingerprints.

8. LOPEZ-PEREZ was positive in both systems. LOPEZ-PEREZ was ordered removed on May 22, 2008, and was removed on June 9, 2008, from the United States and sent back to Guatemala.

9. Checks were conducted in the USCIS computer database. Information contained in the USCIS database indicated that LOPEZ-PEREZ had been last removed from the United States on June 9, 2008, and that LOPEZ-PEREZ had not obtain permission from the Secretary of Homeland Security to reenter the United States.

10. I then obtained the Immigration Judge's Order of Removal, dated May 22, 2008; the Form I-205, Warrant of Removal/Deportation bearing a photograph and right index fingerprint of LOPEZ-PEREZ, dated June 9, 2008; and the Form I-294, a Warning to Alien Ordered Removed or Deported, dated June 6, 2008.

11. A request was made to the National Records Center, Saint Louis, Missouri for LOPEZ-PEREZ's alien registration file. A request for a record of Non-Existence from the U.S. Citizenship and Immigration Services, Royal Palm Beach, Florida was also requested. Law enforcement received verbal confirmation that LOPEZ-PEREZ did not obtain permission from the Secretary of Homeland Security to legally return to the United States after removal.

12. Upon obtaining LOPEZ-PEREZ's alien registration file, a fingerprint comparison was conducted which confirmed that the person's fingerprint from the prior deportation on the Form I-205 dated June 9, 2008, matched LOPEZ-PEREZ's fingerprints obtained on November 25, 2012, at the time of his administrative processing.

WHEREFORE, on the basis of the foregoing, I respectfully submit that probable cause exists to believe that Ubel Isaias LOPEZ-PEREZ has committed the criminal offense of Illegal Re-Entry into the United States after Deportation, in violation of Title 8, United States Code, Section 1326(a).

FURTHER AFFIANT SAYETH NAUGHT.

_____
SCOTT STACY
BORDER PATROL AGENT
CUSTOMS AND BORDER PROTECTION

SWORN TO AND SUBSCRIBED December,
BEFORE ME THIS 3rd DAY OF ~~NOVEMBER~~, 2012.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Misc No. 12-8470-WM

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES OF AMERICA
FOR A COMPLAINT
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  ___ Yes  _X_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  ___ Yes  _X_ No

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:  _____
Jennifer C. Millien (FL Bar No. 171700)
Email: jennifer.millien@usdoj.gov
Assistant U.S. Attorney
jennifer.millien@usdoj.gov
500 S. Australian Avenue
Suite 400
West Palm Beach, Florida 33401
TEL: (561) 820-8711
FAX: (561) 805-9846